**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR SOUNDVIEW
HOME LOAN TRUST 2006-EQ1, ASSET          CASE NUMBER:
BACKED CERTIFICATES, SERIES 2006-EQ1
PLAINTIFF

VS.                                      DISTRICT JUDGE:

JORGE SILVA, AMERICAN GENERAL            MAGISTRATE JUDGE:
FINANCIAL SERVICES OF ILLINOIS, INC.,
STEVEN BUTLER, CELLUPHONE NORTH,
INC., JS PLAZA, INC., SEARS, ROEBUCK AND
COMPANY, STATE OF ILLINOIS,
DEPARTMENT OF REVENUE, THE CHICAGO
TRUST COMPANY, CECILIA CAROLINA
FUENTES, DIANA CAROLINA SILVA,

DEFENDANTS.

<u>**COMPLAINT TO FORECLOSE MORTGAGE**</u>

Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR
SOUNDVIEW HOME LOAN TRUST 2006-EQ1, ASSET BACKED CERTIFICATES, SERIES 2006-
EQ1, by Burke Costanza & Cuppy LLP, one of its attorneys, files its Complaint to foreclose a
mortgage, states as follows:

1.      Plaintiff files this Complaint to Foreclose the Mortgage hereinafter described.

2.      Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C. 1332. There is complete
diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.

3.      Plaintiff is a corporation incorporated under the laws of United States of America, and having
its principal place of business in the State of New York.

4.      Defendant(s) is/are citizen(s) of the following State(s):

Cecilia Carolina Fuentes the State of IL

Jorge Silva the State of IL

5.      The citizenship of other persons or entities joined as defendants is as follows:

1

STATE OF ILLINOIS, DEPARTMENT OF REVENUE - IL,
DIANA CAROLINA SILVA - IL,
THE CHICAGO TRUST COMPANY - IL,
JS PLAZA, INC. - IL,
SEARS, ROEBUCK AND COMPANY - IL,
AMERICAN GENERAL FINANCIAL SERVICES OF ILLINOIS, INC. - IL,
CELLUPHONE NORTH, INC. – DE,

6.      Venue is proper in this District because the Mortgage at issue is secured by property located in this District and because a substantial part of the events or omissions giving rise to the claim occurred here. 18 U.S.C. § 1391.

7.      Plaintiff, elected to accelerate the principal balance due, together with accrued interest, fees and costs, and confirms that election by the filing of this complaint.

8.      Any pre-suit notice requirements have been met, and any and all grace periods have expired or have been waived.

9.      Attached as Exhibit "A" is a copy of the Mortgage. Attached as Exhibit "B" is a true copy of the Adjustable rate note ("Note") secured thereby.  Attached as Exhibit "C" is a copy of the Assignment of Mortgage.

10.     Information concerning mortgage:

a)      Nature of instrument:          mortgage
b)      Date of mortgage:             06/26/2006
c)      Name of mortgagor:            Cecilia Carolina Fuentes, Jorge Silva
d)      Mortgage Information:

        i.      Name of Original Mortgagee: EquiFirst Corporation
        ii.     Name of Current Mortgagee:
        DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-EQ1, ASSET BACKED CERTIFICATES, SERIES 2006-EQ1
        iii.    Name of Current Loan Servicer: Ocwen Loan Servicing, LLC

e)      Date and place of recording:

        Recorded on 07/27/2006, in the Office of the Kane County Recorder's Office

f)      Identification of recording:

        Document/Instrument No. 2006K081593

g)      Interest Subject to Mortgage: Fee Simple
h)      Amount of Original Indebtedness:, including subsequent advances made under the mortgage: $173,700.00

i)    Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 241 OF UNIT NO. 5, BEAU RIDGE, AURORA, IN THE CITY OF AURORA, KANE COUNTY, ILLINOIS.

More Commonly Known As:    753 Calico Dr
                                            Aurora, IL 60506
Permanent Index No. 15-09-177-017

j)    Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor(s) to pay the monthly installments of principal, interest, taxes, insurance and any other escrow items that may apply, from 03/22/2010 through the present. There remains an outstanding principal balance of $172,282.70 with interest accruing on the unpaid principal balance at $21.30 per day, plus attorneys fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

k)    Name of present owner of the real estate:

Diana Carolina Silva

l)    Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

That The Chicago Trust Company is a party to this action by virtue of a Junior Mortgage dated April 25, 2000 and recorded May 9, 2000 as document number 2000K035874 in the amount of $12,418.53

That JS Plaza, Inc. is a party to this action by virtue of a judgment entered in case number 2009K068035 docketed September 8, 2009 in the amount of $10,466.12

That Sears, Roebuck and Company is a party to this action by virtue of a judgment entered in case number 2002K174445 docketed December 30, 2002 in the amount of $1,152.79

That American General Financial Services of Illinois, Inc. is a party to this action by virtue of a judgment entered in case number 03MI-119178 docketed January 15, 2004 in the amount of $2,265.32

That Celluphone North, Inc. is a party to this action by virtue of a judgment entered in case number 2009K074934 docketed October 6, 2009 in the amount of $5,743.00

That State of Illinois, Department of Revenue is a party to this action by virtue of a IRS lien entered against Jorge Silva

3

m)      Names of defendants claimed to be personally liable for deficiency, if any:

      Jorge Silva

n)      Capacity in which Plaintiff brings this foreclosure: Plaintiff is the legal holder of the indebtedness and the owner of the mortgage given as security given as security therefore.

o)      The redemption period terminates on one of the following dates, whichever is later:

If the Property is Residential Real Estate:

      (i)      7 months from the date the mortgagor [or, if more than one, all the mortgagors]
      (I) have been served with summons or by publication or
      (II) have otherwise submitted to the jurisdiction of the court; or

      (ii)     3 months from the entry of the judgment of foreclosure.

If  the Property is Non-Residential Real Estate

      (i)      6 months from the date the mortgagor [or, if more than one, all the mortgagors]
      (I) have been served with summons or by publication, or
      (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or

      (iii)    3 months from the entry of the judgment of foreclosure,

Pursuant to the terms of the 735 ILCS 5/15-1603, the Court will determine the length of the redemption period upon making a finding, based on the facts and circumstances available to the Court at the time of judgment, that the property is either residential, non-residential, abandoned, or real estate of value less than 90 percent of amount owed.

p)      Facts in support of request for attorneys' fees and of costs and expenses, if applicable:

Pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorneys' fees, court costs, title costs, and other expenses, which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

q)      Facts in support of a request for appointment of mortgagee in possession or for appointment of receiver, and identity of such receiver, if sought:

Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession or Receiver, if applicable.

r)      Plaintiff reserves the right to offer, in accordance with Section 15-1402 [735 ILCS 5/15-1402] to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

s)     Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Jorge Silva, Cecilia Carolina Fuentes, Diana Carolina Silva By virtue of being the Mortgagor(s) and/or Owners of record

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.     Judgment of foreclosure and sale by the Sheriff of Kane County or a Judicial Sales Officer appointed for that purpose.

B.     An order granting a shortened redemption period, if applicable.

C.     A deficiency judgment against only those Defendants/Obligors, who have not received an order discharging the subject debt in bankruptcy proceedings, or who are not currently involved in bankruptcy proceedings in which the stay has been modified for the sole purpose of foreclosing the subject lien.

D.     An Order granting possession if sought.

E.     An Order placing the mortgagee in possession or appointing a receiver, if sought.

F.     A judgment for attorneys' fees, costs and expenses, including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff, if sought.

G.     A finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

H.     An Order enforcing its assignment of rents derived from the real estate, if applicable.

I.     Such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

J.     A Sale by public auction.

K.     A cash sale by open bid.

L.     A provision that a Sales Officer, Sheriff of Kane County, or special commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of Redemption.

M.      An order that the tile in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record.

N.      That the plaintiff be entitled to recover in any reinstatement or redemption, any additional taxes paid, or advances paid for expenses including, but not limited to, insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

Dated: July 12, 2010

Respectfully submitted,

  /s/ Phillip A. Pluister
One of Plaintiff's Attorneys

PHILLIP A. PLUISTER, #2654464
Burke Costanza & Cuppy LLP
Attorneys for Plaintiff
9191 Broadway
Merrillville, IN 46410
(219) 769-1313