

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4296 | **DATE** | 11/15/2011 |
| **CASE TITLE** | Deutsche Bank National Trust Company vs. Jorge Silva, et al. | | |

**DOCKET ENTRY TEXT**

Motion to Vacate Sale [36] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

On July 12, 2010, Plaintiff, Deutsche Bank National Trust Company as trustee for Soundview Home Loan Trust 2006-EQ1, Asset Backed Certificates, Series 2006-EQ1 ("Plaintiff") filed a complaint to foreclose mortgaged real estate commonly known as 753 Calico Dr., Aurora, IL 60506. Defendants Jorge Silva, Cecilia Carolina Fuentes, Diana Carolina Silva (collectively, "Defendants") were served on July 15, 2010. Plaintiff filed its motion for default judgment on October 27, 2010, and noticed the motion for hearing on November 3, 2010. Defendants were served with the notice of motion by regular mail. Defendants, however, failed to appear for the hearing. The Court entered a default judgment of foreclosure on November 3, 2010. Gerald Nordgren was then appointed as the Special Commissioner to conduct a public sale of the subject property in accordance with the terms of the judgment of foreclosure. On May 17, 2011, after the sale of the property, Plaintiff filed a motion to confirm the sale. The motion was noticed for hearing on May 24, 2011. Although Defendants were served with the notice of motion by regular mail, yet again, they failed to appear. The Court entered an Order confirming the sale on May 24, 2011. Defendants filed a motion to vacate the sale on June 8, 2011 and noticed the motion for June 16, 2011. Plaintiff's counsel appeared on June 16 for the hearing, but neither Defendants nor their counsel appeared when the case was called. Accordingly, the motion was stricken without prejudice. On July 8, 2011, Defendants re-noticed the motion to vacate the sale, which is currently before the Court. For the following reasons, the motion is denied.

Defendants seek to vacate the default judgment of foreclosure and the sale of the property pursuant to the Illinois Code of Civil Procedure, sections 2-1301(e) and 15-1508(d-5). "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). For Erie purposes, sections 2-1301(e) and 15-1508(d-5) control as substantive law in this diversity case. See Bankers Trust Co. v. Powers, No. 94 C 6012, 1995 WL 616752, at *2 (N.D. Ill. Oct. 18, 1995) ("Because vacating the default order would set aside the judicial sale, [the] motion must be treated as a motion to set aside that sale; therefore the standard mandated by the Illinois Mortgage Foreclosure Act applies.").

Under section 2-1301(e), "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e). As a matter of law, however, Defendants were barred from relief under section 2-1301(e) as early as May 17, 2011, when Plaintiff filed its motion to confirm the sale under section 15-1508. See Mortg. Elec. Registration Sys., Inc. v. Barnes, 940 N.E.2d 118, 122 (Ill. App. Ct. 2010) (concluding that the defendant could not utilize section 2-1301(e) of the Illinois Code of Civil Procedure to circumvent section 15-1508(b) of the Illinois Foreclosure Law after the plaintiff filed its motion to approve the sale). Defendants' motion seeking to set aside the default judgment was initially filed on June 8, 2011, and re-noticed on July 8, 2011, well after this deadline. To the extent Defendants' motion seeks to vacate the default judgment, the motion is denied.

Additionally, Defendants cannot proceed under section 1508(d-5) because their motion was filed after the confirmation of the sale. Section 1508(d-5) provides, "The court that entered the judgment shall set aside a sale held pursuant to Section 15-1507, upon motion of the mortgagor at any time prior to the confirmation of the sale, if the mortgagor proves by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program established by the United States Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009, and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale." 735 ILCS 5/15-1508 (d-5) (emphasis added). Defendants' motion under section 1508(d-5) is untimely. Nonetheless, even on its merits, Defendants' argument fails. Defendants' conclusory claim that Defendant Jorge Silva was not provided with notice of his denial for the Home Affordable Modification Program loan modification is not supported by the record, and without more, does not prove Defendants are entitled to relief. Accordingly, Defendants' motion to vacate the sale is denied.

IT IS SO ORDERED.

FILED-FC1
2011 NOV 15 AM 11: 02
CLERK
U.S. DISTRICT COURT